Filed 2/27/23  Agardi v. City & County of S.F. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JULIANNA AGARDI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY AND COUNTY OF<br>SAN FRANCISCO,<br><br>    Defendant and Respondent. | A164169<br><br>(San Francisco County<br> Super. Ct. No. CGC-20-588062) |

Plaintiff Julianna Agardi, representing herself in propria persona, alleges she is entitled to a money judgment as the result of litigation against defendant City and County of San Francisco (San Francisco) in 2010–2012. Agardi's earlier litigation attacked San Francisco's "Care Not Cash" program, passed by the voters in 2002 as Proposition N.  Agardi claimed she should receive cash benefits rather than in-kind services.

The trial court sustained San Francisco's demurrer to Agardi's first amended complaint (FAC) on the merits and without leave to amend.  Agardi appeals, and asks that we "remand the case with instructions to vacate Appellee's Judgment and enter a Default Judgment for Plaintiff/Appellant with the sum to be paid twenty million," and that we "Issue a Writ of

1

Mandate to pay the Judgment from 2010 up to forty five million or put Appellee into jail until it pays."

The trial court correctly identified at least two fatal flaws in Agardi's case. First, Agardi *lost* her 2011 case against San Francisco. (*Agardi v. City and County of San Francisco* (Mar. 27, 2012, A132949) [nonpub. opn.] (*Agardi I*).) Agardi has no prior judgment to enforce in the new case now before us. Second, to the extent Agardi may be attempting to renew the claims in her earlier lawsuit, those claims are barred by claim preclusion (res judicata).

Agardi mistakenly argues that she has a judgment in her favor signed on December 7 and entered on December 10, 2010, which she is now seeking to enforce. There is no judgment in *Agardi I* dated December 7 or 10, 2010. The source of confusion appears to be Agardi's initial success challenging San Francisco's original answer in *Agardi I*. On December 7, 2010, the trial court denied Agardi's motion to strike San Francisco's answer but granted her motion for judgment on the pleadings, with leave for San Francisco to amend as to nine affirmative defenses. San Francisco's amended answer, filed January 6, 2011, corrected the problems in its earlier answer. The trial court granted *San Francisco's* subsequent motion for judgment on the pleadings *without* leave for Agardi to amend. On June 27, 2011, the trial court entered judgment in San Francisco's favor and *against* Agardi.

Beyond the problems identified by the trial court in this new case, which we believe the trial court accurately resolved on demurrer using appropriate procedures, Agardi filed her appeal 114 days too late. (Cal. Rules of Court, rule 8.406(a)(1).) We lack jurisdiction to hear her untimely appeal and we dismiss it.

# BACKGROUND

## *Agardi I*

In 2010, Agardi filed suit against San Francisco, attacking Proposition N. Dubbed the "Care Not Cash" program and enacted by the voters in 2002, Proposition N placed limitations on providing cash-based aid from the General Assistance program to unhoused residents of San Francisco. (S.F. Admin. Code, § 20.7-34, formerly § 20.59.3.) Instead, for "[General Aid] recipients who declared themselves" unhoused, aid would primarily be provided in the form of " 'in-kind benefits for housing, utilities and meals' rather than cash . . . ." (*Ibid.*) Agardi argued that she should receive cash as aid.

Agardi filed a motion seeking judgment on the pleadings based on San Francisco's original answer. The court granted the motion in part, finding San Francisco's affirmative defenses insufficiently specific, but granted leave to amend. San Francisco's amended answer survived Agardi's further attempts to challenge it.

The *Agardi I* trial court subsequently granted San Francisco's motion for judgment on the pleadings without leave to amend. Agardi unsuccessfully attempted to vacate the order. On June 27, 2011, the trial court entered judgment that: "(1) Plaintiff Julianna Agardi shall take nothing by her complaint in this action. (2) Judgment with prejudice shall be entered forthwith in favor of defendant City and County of San Francisco and against plaintiff Julianna Agardi. (3) Each party shall bear its own costs."

On appeal, this court affirmed the judgment. (*Agardi I, supra,* A132949.) The court noted Agardi's early success in challenging San Francisco's answer. The court explained, however, that Agardi appeared to be treating a December 7, 2010 order as decisively ruling in her favor on

3

the merits of the entire dispute.  The court noted at some length that the December 7, 2010 order simply found San Francisco's original answer to be inadequate, and that the amended answered filed after the December 7 order corrected the earlier problems with the pleading.

The court rejected Agardi's various procedural challenges to the trial court's rulings.  On the merits, the court held that "the law forecloses Agardi from arguing that she must be paid her full benefit in cash.  Agardi has also failed to advance an alternate legal theory that demonstrates that, had she been given the opportunity to amend her complaint, she could have done so in a way that would survive a subsequent motion for judgment on the pleadings.  Accordingly, we affirm the court's grant of judgment on the pleadings without leave to amend as to the first cause of action," for "[f]ailure to discharge mandatory duty" regarding payment of cash benefits to Agardi.  The court also ruled against Agardi on a claim for failure to forward cash benefits to Agardi's electronic benefits transfer (EBT) card and a claim for fraud based on the allegedly deceptive language of Proposition N.

*Agardi II*

On December 1, 2020, after the passage of eight and a half years, Agardi filed a new case against San Francisco.  In her FAC, Agardi identified herself as "Plaintiff" and "Judgment Creditor."  She captioned the FAC "An action on the Judgment.  Enforcing Plaintiff's Judgment Petition for a Writ of Mandate/Contempt Gov Code 970 et seq. Consolidation/Severance Fraud/Deceit/Harassment."  The FAC appears to allege that Agardi obtained a judgment against San Francisco on December 7, 2010.  Agardi refers to San Francisco as "the losing party."  Agardi accuses various current and former members of the San Francisco City Attorney's Office of bias and other improprieties.  The FAC further asks to "sever" the two alleged judgments,

4

further asserting that Agardi "won" litigation in federal court in 2014 "to resolve the case of two judgments." Agardi alleges that San Francisco is defrauding her, and seeks a contempt finding and a sentence of "imprisonment." She concludes, "The demand in the complaint was twenty million dollars. Ten years has passed and the judgment earned another twenty millions in post judgment interests. Plaintiff demands for the fraud another twenty millions. Altogether the demand is $60.000.000.00/sixty million dollars."

On April 8, 2021, San Francisco filed and served a demurrer on the basis of claim preclusion and the statute of limitations. Agardi moved to strike or oppose the demurrer. Agardi argued the demurer cited this court's unpublished decision in *Agardi I*, and asserted that doing so violated rule 8.1115(b) of the California Rules of Court. Agardi also argued that San Francisco and the courts were ignoring a judgment entered in her favor on December 10, 2010, and insisted "it is called Judgment for Plaintiff granted in part and denied in part upon entry will end the litigation and no jurisdiction for defendant to file its own [Judgment] and prevailing." She further attempted to argue about this court's reasoning in its *Agardi I* decision, including with ad hominem attacks on a retired justice.

The trial court granted San Francisco's demurrer and denied Agardi leave to amend. It had entered a tentative ruling, which Agardi did not seek to contest by providing telephone (or e-mail) notice. The court explained: "Plaintiff asserts that her FAC is filed 'with the purpose of enforcing plaintiff's judgment' as to case number CGC-10-500534. [Citation.] However, in that case, this court granted the City's judgment on the pleadings, dismissed the case with prejudice and entered judgment in favor of the City. The Court of Appeal affirmed this court's judgment. Contrary to

5

Plaintiff's apparent misimpression, no judgment was ever entered in her favor. There can be only one final judgment in an action. In the present FAC, Plaintiff again alleges the City is violating its obligation to pay General Assistance and is defrauding Plaintiff. [Citation.] The action is barred by law of the case and/or by res judicata." The trial court noted that Agardi's argument concerning citations to this court's unpublished decision in *Agardi I* was incorrect. Citations to unpublished opinions are permitted when the unpublished decision "is relevant under the doctrines of law of the case, res judicata, or collateral estoppel," as was true here. (Cal. Rules of Court, rule 8.1115(b)(1).)

The trial court entered judgment on June 10, 2021. San Francisco served Agardi with the notice of entry of judgment the next day.

Over four months later, Agardi sought to vacate the judgment. The trial court denied her motion because Agardi failed to attempt to make a showing of her "mistake, inadvertence, surprise or excusable neglect" pursuant to section 473, subdivision (b) of the Code of Civil Procedure.[1]

On December 3, 2021, Agardi filed a notice of appeal.

## DISCUSSION

### *The Appeal Is Untimely*

We dismiss the appeal as untimely. Rule 8.406(a)(1) of the California Rules of Court gives a party 60 days to file a notice of appeal. Here, the trial court entered judgment against Agardi on June 10, 2021 and San Francisco served Agardi with a notice of entry of judgment the very next day. Agardi did not file a notice of appeal until December 3, 2021, which was 175 days

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

after service of the notice of entry of judgment—115 days after the 60-day deadline.

Agardi's notice of appeal does not indicate that it is an appeal from the trial court's final judgment. Rather, Agardi checked the boxes for an appeal from an order after judgment under section 904.1, subdivision (a)(2), and for an appeal from an order or judgment under section 904.1, subdivision (a)(3)–(13).

We construe Agardi's appeal as one from the June 10, 2021 judgment for four reasons. First, in her opening brief, Agardi identifies her appeal as "from a judgment for Appellee on a Demurrer in an enforcement action." Second, we are unaware of a basis to appeal under section 904.1, subdivision (a)(2). That subdivision applies to "an order made after a judgment made appealable by paragraph (1)," which in turn permits appeal "[f]rom a judgment, except an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11), or a judgment of contempt that is made final and conclusive by Section 1222." (§ 904.1, subd. (a)(1), (2).) Third, we are unaware of an order by the trial court to which section 904.1, subdivision (a)(3)–(13) might apply.[2] Fourth, Agardi's arguments on appeal appear to be

---

[2] Section 904.1, subdivision (a)(3)–(13) provide: "An appeal, other than in a limited civil case, is to the court of appeal. An appeal, other than in a limited civil case, may be taken from any of the following: [¶] . . . [¶] (3) From an order granting a motion to quash service of summons or granting a motion to stay the action on the ground of inconvenient forum, or from a written order of dismissal under Section 581d following an order granting a motion to dismiss the action on the ground of inconvenient forum. [¶] (4) From an order granting a new trial or denying a motion for judgment notwithstanding the verdict. [¶] (5) From an order discharging or refusing to discharge an attachment or granting a right to attach order. [¶] (6) From an order granting or dissolving an injunction, or refusing to grant or dissolve an injunction. [¶] (7) From an order appointing a receiver. [¶] (8) From an interlocutory judgment, order, or decree, made or entered in an action to

7

directed to the June 10, 2021 final judgment, and not to any subsequent order.

Though it is sometimes difficult to discern her arguments, Agardi's appeal does not appear to make any arguments concerning the order denying her motion to set aside the judgment. We note that, by the time Agardi filed her motion to set aside the judgment in the trial court (on October 26, 2021), any notice of appeal of the final judgment would have already been untimely by 77 days.

Under these circumstances, we must dismiss the appeal. California Rules of Court, rule 8.104(b) provides that "no court may extend the time to file a notice of appeal." If a notice of appeal is filed beyond the statutory appeal period, "the reviewing court must dismiss the appeal." Similarly, rule 8.406(c) provides in relevant part, "Except as provided in rule 8.66," which applies only in public emergencies, "no court may extend the time to file a notice of appeal. . . ." (Cal. Rules of Court, rule 8.406(c).)

Neither we nor the trial court may "extend or shorten the time for appeal." (*Estate of Hanley* (1943) 23 Cal.2d 120, 123.) Rather, "if it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection

---

redeem real or personal property from a mortgage thereof, or a lien thereon, determining the right to redeem and directing an accounting. [¶] (9) From an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made. [¶] (10) From an order made appealable by the Probate Code or the Family Code. [¶] (11) From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (12) From an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (13) From an order granting or denying a special motion to strike under Section 425.16."

is made." (*Ibid.*) The rule is strict, but "the courts are not arbitrarily penalizing procedural missteps. Relief may be given for excusable delay in complying with many provisions in the statutes and rules on appeal, such as those governing the time within which the record and briefs must be prepared and filed. These procedural time provisions, however, become effective *after* the appeal is taken. The first step, taking of the appeal, is not merely a procedural one; it vests jurisdiction in the appellate court and terminates the jurisdiction of the lower court." (*Ibid.*)

### *The Order Sustaining San Francisco's Demurrer*

Though we need not address the merits of the appeal, we note that the appeal appears to be based on an ongoing misunderstanding of what the trial court in *Agardi I* ordered back in December 2010. Specifically, Agardi repeatedly attempts to re-characterize the trial court's December 7, 2010 order (entered on December 10, 2010) as a final judgment. The December 7 order granted Agardi's motion for judgment on the pleadings—specifically San Francisco's answer—with leave to amend. San Francisco amended its answer in *Agardi I*. The trial court and this court ultimately rejected Agardi's further attempts to strike or obtain judgment on San Francisco's amended answer there.

This is not the first time that Agardi misconstrued the order on San Francisco's original answer in *Agardi I* as a judgment or order disposing of her entire case. Agardi made the very same error when she appealed the trial court's final judgment in *Agardi I*. This court noted at the time that Agardi was misinterpreting the December 7, 2010 order as a binding decision on the merits of her lawsuit or a final judgment. The court explained that Agardi's "argument fails to recognize that the order partially granting her motion for judgment on the pleadings concerned the deficiencies in the City's

9

pleading, not the merits of her own pleading. The order did not imply a finding that Agardi's complaint stated a claim upon which relief can be granted; in fact, the order preserved the City's affirmative defense that the complaint did not state such a claim and the City had every right to raise the defense later in the proceedings, which it did. Even less was the [December 7, 2010] order and adjudication on the merits of Agardi's complaint." Further, the court explained, "There are no grounds for Agardi to assert that simply by being the first to file a motion for judgment on the pleadings, and receiving a partial grant to that motion, the City would be foreclosed from filing its own motion for judgment on the pleadings, and from prevailing on that motion."

Were Agardi's appeal timely, we would affirm the trial court's order sustaining San Francisco's demurrer without leave to amend for at least three reasons. First, Agardi's lawsuit is based on the notion that she is "enforcing" a December 2010 judgment in *Agardi I* in her favor. The one and only final judgment in *Agardi I,* which our court affirmed on appeal, is a judgment *against Agardi* and *for San Francisco.* She has no judgment to seek to enforce against San Francisco for any sum, let alone the $45 million she appears to want to seek via a writ or other order from this court. There is also no judgment that could possibly trigger holding in contempt and jailing anyone representing San Francisco.

Second, Agardi's FAC is barred by the doctrine of claim preclusion, also known as res judicata, to the extent it attempts to re-litigate the challenges to Proposition N from her 2010 lawsuit. The 2010 complaint in *Agardi I* included multiple claims attacking Proposition N, arguing that San Francisco had a mandatory duty to provide Agardi with cash aid, and arguing that the proposition was a fraud on the voters. The FAC here attempts to attack

10

Proposition N again, repeating substantially similar arguments to those raised in the 2010 lawsuit. Again, those resulted in a definitive, final judgment in San Francisco's favor.

The doctrine of claim preclusion bars Agardi from re-litigating her claims concerning Proposition N and cash aid. A final valid judgment by a court precludes further litigation between the same parties as to the same claims that were or could have been litigated in the prior lawsuit. (*Association of Irritated Residents v. Department of Conservation* (2017) 11 Cal.App.5th 1202, 1219.) The final judgment in *Agardi I*, affirmed on the merits on appeal, thus precludes litigation concerning Agardi's claims concerning Proposition N, alleging fraud by San Francisco, and alleging that San Francisco has a mandatory duty to provide cash aid to her notwithstanding Proposition N.

Third, if the appeal were timely, we would reject Agardi's various procedural arguments. Agardi makes a number of vituperative attacks on the trial judge's character and alleged bias, none of which finds any support whatsoever in the record. As the Court of Appeal described in *In re S.C.* (2006) 138 Cal.App.4th 396, 422, "Disparaging the trial judge is a tactic that is not taken lightly by a reviewing court. Counsel better make sure he or she has the facts right before venturing into such dangerous territory because it is contemptuous for an attorney to make the unsupported assertion that the judge was 'act[ing] out of bias toward a party.' (*In re White* (2004) 121 Cal.App.4th 1453, 1578.)"

We also disagree with Agardi's contention that she was deprived of her opportunity to be heard via Zoom. Agardi could have appeared on the demurrer or the motion to set aside the judgment by telephone had she contacted the trial court to contest either of its tentative rulings. (Super. Ct.

11

S.F. County, Local Rules, rules 8.2(A)(3), 8.3.)[3]  The record does not reflect any request to contest or discuss the trial court's tentative rulings.  Nor does Agardi explain why she did not elect to appear via telephone rather than via a virtual appearance on the Zoom platform.  (Super. Ct. S.F. County, Local Rules, rule 8.2(A)(3).)

Finally, we reject Agardi's argument that San Francisco failed to provide notice that its demurrer attacked all the claims in the FAC.  The demurrer, and the supporting memorandum of points and authorities, unambiguously attack Agardi's complaint as barred by claim preclusion and by the statute of limitations.  There was no ambiguity in San Francisco's request for relief.

## DISPOSITION

We dismiss the appeal.  We decline to award costs, but we caution Agardi against further attempts to re-litigate the claims that were or could have been litigated in *Agardi I* or the issues that were actually and necessarily litigated in that case.

---

[3] We previously took judicial notice of the Superior Court of San Francisco County, Local Rules, rules 8.2–8.4.

12

_____

Markman, J.*


We concur:


_____

Richman, Acting P.J.


_____

Miller, J.


*Agardi v. City and County of San Francisco* (A164169)


* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.